

**Your Missouri Courts**

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess  **Logoff** ANDREWKINGHORN

**21SL-CC00168 - KAYLA HARRIS V MERIDIAN MEDICAL TECHNOLOGIES INC (E-CASE)**

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

**Click here to eFile on Case**                Sort Date Entries: ● Descending   Display Options: All Entries
Click here to Respond to Selected Documents                        ○ Ascending

**01/26/2021**  ☐ **Corporation Served**
Document ID - 21-SMCC-383; Served To - MERIDIAN MEDICAL TECHNOLOGIES INC; Server - CT CORP; Served Date - 25-JAN-21; Served Time - 00:00:00; Service Type - Territory 30; Reason Description - Served; Service Text - LC

**01/14/2021**  ☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-383, for MERIDIAN MEDICAL TECHNOLOGIES INC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. Note* You must not forward summons to the St. Louis County Sheriff/Process Server before issue date on summons. Failure to follow these instructions may result in your summons being returned.

☐ **Filing Info Sheet eFiling**
   **Filed By:** BRET CHARLES KLEEFUSS

☐ **Pet Filed in Circuit Ct**
petition; exhibit A; exhibit B.
   **On Behalf Of:** KAYLA HARRIS

☐ **Judge Assigned**
DIV 14

Case.net Version 5.14.12        Return to Top of Page        Released 11/10/2020



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>KRISTINE A KERR | Case Number: 21SL-CC00168 | |
|---|---|---|
| Plaintiff/Petitioner:<br>KAYLA HARRIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRET CHARLES KLEEFUSS<br>1708 OLIVE STREET<br>SAINT LOUIS, MO  63103 | |
| Defendant/Respondent:<br>MERIDIAN MEDICAL TECHNOLOGIES INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | **SHERIFF FEE PAID** |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** MERIDIAN MEDICAL TECHNOLOGIES INC
                           Alias:

120 S CENTRAL AVE
CT CORP, REGISTERED AGENT
ST LOUIS, MO  63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**14-JAN-2021**                                          _____
   Date                                                                                         Clerk

**Further Information:**
MT

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____(title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
                    Subscribed and sworn to before me on _____ (date).
*(Seal)*
                    My commission expires: _____        _____
                                                                    Date                                         Notary Public

**Sheriff's Fees, if applicable**
Summons                                  $_____
Non Est                                      $_____
Sheriff's Deputy Salary
Supplemental Surcharge       $     10.00
Mileage                                     $_____  (_____ miles @ $._____ per mile)
**Total**                                       $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 21-SMCC-383**       1       (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                                                    54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 21-SMCC-383**     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

21SL-CC00168

Electronically Filed - St Louis County - January 14, 2021 - 11:16 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| KAYLA HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| vs. ) | |
| ) | Division No. |
| MERIDIAN MEDICAL TECHNOLOGIES, ) | |
| INC., ) | |
| A foreign corporation, ) | |
| ) | |
| **SERVE AT:** ) | ***JURY TRIAL DEMANDED*** |
| ) | |
| **Registered Agent** ) | |
| **CT Corporation System** ) | |
| **120 S. Central Ave.** ) | |
| **St. Louis, Mo 63105** ) | |
| ) | |
| Defendant. ) | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff, by and through undersigned counsel, and in support of her Petition states:

**FACTS APPLICABLE TO ALL COUNTS**

1. Plaintiff is an African-American female of legal age and a resident of the State of Missouri who worked for Defendant as a setup operator until her termination on or around April 16, 2020.

2. Defendant Meridian Medical Technologies, Inc., (hereinafter referred to as "Meridian" and/or "Defendant"), is and was a foreign corporation registered to do business in the State of Missouri, is an employer as that term is defined under the Missouri Human Rights Act, and is doing business in St. Louis County.

3. On or around March 26, 2020, a Caucasian employee tried to have words with

Electronically Filed - St Louis County - January 14, 2021 - 11:16 AM

Plaintiff about both doors of an autoclave being open at the same time.

4. Plaintiff explained calmly that there was nothing wrong with both doors being open.

5. The employee began to have a breakdown of some sort; however, another employee came over and explained that having both doors open at the same time was fine.

6. Nobody from Defendant ever spoke with Plaintiff about this incident or interviewed Plaintiff; indeed, there was nothing to discuss as Plaintiff performed her job properly and was correct in her behavior.

7. On April 16, 2020, four supervisors questioned Plaintiff – without representation – about certain On The Job training forms that Plaintiff had filled out and that were signed off on by Cheri Miller, all in a single day.

8. The supervisors were conspiring to attempt to get Plaintiff into trouble; however, there is no policy against doing multiple On The Job trainings on a single day, and Plaintiff had done nothing wrong or improper.

9. During the same meeting, Plaintiff was given an evaluation that had allegedly been done weeks earlier, on March 31, 2020.

10. The supervisor who had allegedly done the evaluation was not present at the meeting, and was conveniently on vacation.

11. Plaintiff came to learn that the supervisor Defendant alleged to have done the evaluation did not in fact do the evaluation at all.

12. Julio Valentin had in fact orchestrated the evaluation in a conspiracy to have Plaintiff terminated and replaced with a Caucasian male.

13. Mr. Valentin had a history of stereotyping African-American females.

14. Plaintiff's position as a setup operator is dominated by males.

15. Defendant terminated Plaintiff under false pretenses and for discriminatory purpose.

16. Defendant replaced Plaintiff with a Caucasian male.

17. Venue is appropriate because the events described in this Petition occurred in St. Louis County.

18. Plaintiff has filed a Charge of Discrimination, which is attached and incorporated into this Petition as if fully set forth herein, and marked as Exhibit **"A."**

19. Plaintiff received her Right to Sue Letter from the MCHR, which is attached and incorporated into this petition as if fully set forth herein, and is marked as Exhibit **"B."**

20. Fewer than ninety days have passed since the Missouri Commission on Human Rights issued Plaintiff her right to sue letter.

## §213.010-137 RSMo (2017) PROVISIONS ARE UNCONSTITUTIONAL

21. While denying that any 2017 amendment to the Missouri Human Rights Act should apply to Plaintiff's case, should any Court apply any of the §213.010-137 RSMo (2017) amendments to any part of this case, Plaintiff states as follows: At all times mentioned herein, Defendant was an employer as defined in §213.010 RSMo.

22. While denying that any 2017 amendment to the Missouri Human Rights Act should apply to Plaintiff's case, should any Court apply any of the §213.010-137 RSMo (2017) amendments to any part of this case, §213.010-137 RSMo (2017) and numerous particular provisions therein violate the Missouri Constitution and are therefore invalid and without legal effect.

23. While denying that any 2017 amendment to the Missouri Human Rights Act should apply to Plaintiff's case, should any Court apply any of the §213.010-137 RSMo (2017)

amendments to any part of this case, §213.010-137 RSMo (2017) which purports to outline the rights and remedies available to employees claiming damages due to an unlawful employment practice and employees claiming to be a "protected person" under the act, violates:

   a. plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution;

   b. plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution;

   c. plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution;

   d. plaintiff's right to trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, in that:

      i. Suits at common law seeking monetary damages from the person causing harm existed prior to 1820;

      ii. §213.010-137 RSMo (2017) limits the categories and amount of damages available to plaintiff;

      iii. §213.010-137 RSMo (2017) eliminates a category of damages available at common law prior to 1820;

   e. the separation of powers, established by Article II, Section I of the Missouri Constitution; and

   **f.** the prohibition against special laws or exclusive right, privilege or immunity, established by Article III, Section 40(28) of the Missouri Constitution.

**COUNT I: RACE DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AGAINST DEFENDANT MERIDIAN MEDICAL TECHNOLOGIES, INC.**

   24. Plaintiff restates and re-alleges each and every paragraph above and incorporates

Electronically Filed - St Louis County - January 14, 2021 - 11:16 AM

them into Count I as if set forth fully herein.

25. Plaintiff was discriminated against based on her race, and treated differently than members of other races.

26. Defendant terminated Plaintiff and falsified an evaluation because of Plaintiff's race, and that the behavior described herein was intentional and done with reckless disregard for Plaintiff's rights under the Missouri Human Rights Act.

27. Defendant is vicariously liable for the actions of its supervisors through respondiat superior.

28. Defendant knew or should have known of the illegal consideration of Plaintiff's race when discriminating against Plaintiff.

29. Defendant ratified and/or approved the illegal behavior described herein.

30. Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under the Missouri Human Rights Act.

31. Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendants' illegal behavior described herein.

WHEREFORE Plaintiff Kayla Harris prays for a trial by jury and for judgment against Defendant Meridian Medical Technologies, Inc., for actual damages in a fair and reasonable sum over $25,000, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys fees, and for all other relief as the Court deems appropriate.

**COUNT II: GENDER DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AGAINST MERIDIAN MEDICAL TECHNOLOGIES, INC.**

32. Plaintiff restates and re-alleges each and every paragraph above and incorporates them into Count II as if set forth fully herein.

33. Defendant is vicariously liable for the actions of its supervisors and other decision

makers through respondiat superior.

34. Defendant terminated Plaintiff and falsified an evaluation because of Plaintiff's gender.

35. Defendant knew or should have known of the illegal consideration of Plaintiff's gender when enacting those illegal behaviors upon Plaintiff.

36. Defendant ratified and/or approved the illegal behavior described herein.

37. Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under the Missouri Human Rights Act.

38. Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendants' illegal behavior described herein.

WHEREFORE Plaintiff Kayla Harris prays for a trial by jury and for judgment against Defendant Meridian Medical Technologies, Inc., for actual damages in a fair and reasonable sum over $25,000, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys fees, and for all other relief as the Court deems appropriate.

Respectfully submitted,

LAW OFFICES OF DERALD L. GAB, P.C.

/s/Bret Kleefuss_____
Bret C. Kleefuss, #59175
bretcharles@yahoo.com
Law Offices of Derald L. Gab
Attorneys for Plaintiff
1708 Olive Street
St. Louis, MO 63103
Phone: (314) 367-4878
Fax:    (314) 678-3998

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that this Petition was efiled on January 14, 2021 and that a copy of this instrument will be served upon Defendants in accordance with Missouri law.

_____/s/Bret Kleefuss_____

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form. | ENTER CHARGE NUMBER<br>☑ FEPA E-<br>☑ EEOC 560-2020-01231 |
|---|---|

MISSOURI COMMISSION ON HUMAN RIGHTS AND EEOC

| NAME Kayla Harris | Date of Birth | HOME TELEPHONE NO. (Include Area Code)<br>(314) 367-4878 |
|---|---|---|
| Street Address<br>1708 Olive | City, State and Zip Code<br>St. Louis, Missouri 63103 | County<br>St. Louis City |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME<br>Meridian Medical Technologies | NO. OF EMPLOYEES/MEMBERS<br>6+ | TELEPHONE NUMBER (Include Area Code)<br>(314) 682-3000 |
|---|---|---|
| STREET ADDRESS<br>1945 Craig Road | CITY, STATE AND ZIP CODE<br>St Louis, Mo 63146 | COUNTY<br>St Louis County |
| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))<br>☑ RACE  ☐ COLOR  ☑ SEX  ☐ RELIGION<br>☐ NATIONAL ORIGIN  ☐ RETALIATION  ☐ AGE<br>☐ DISABILITY  ☐ OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE (Month, day, year)<br>☑ CONTINUING ACTION<br>**April 2020** | |

My name is Kayla Harris and I worked for Respondent until my termination on or around April 16, 2020. I am an African-American female who worked as a setup operator – a position dominated by male employees. On March 26, 2020, a Caucasian female employee had words with me about both doors of an autoclave being open. I explained that there is nothing wrong with both doors being open. She started to have a breakdown of some kind, when another employee came over and explained to her that its alright for both doors of the autoclave to be open. Nobody from the company approached me about the incident, and there were two witnesses who spoke to supervisors but no written statements were taken down.

On April 16, 2020, I was questioned by four supervisors, and without representation, about On the Job Training forms I had filled out and that were signed off on by Cheri Miller. Apparently the supervisors were trying to get me in trouble for signing off on multiple On The Job Trainings in a single day. However, there are no policies against that, and I did all of the On the Job Trainings that were signed off on. During that meeting I was given a supposed evaluation from March 31, 2020.

The supervisor who supposedly did the evaluation, however, was not present for the meeting and was on vacation that day. It turns out that he, in fact, did not do the evaluation in question. My termination, and the false evaluation, was all orchestrated by Julio Valentin, who wanted me fired because of my race (African-American) and gender (female). He has a history of stereotyping African-American females, and wanted a Caucasian male in my place. A Caucasian male was subsequently hired to replace me.

Following my termination, I was told that I was fired because of the incident described above between me and the Caucasian woman (involving the doors of the autoclave), where I did nothing wrong; notably, the Caucasian woman was not disciplined. I was clearly treated differently. I was fired because of my race and gender. The behavior described herein constitutes race and gender discrimination in violation of the MHRA, Title VII, and other state and local statutes. As a remedy I seek an end to the discrimination as well as all other relief deemed equitable and just.

| ☑ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary to meet State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date 6/4/2020  *Kayla Harris*  Charging Party (Signature) | X<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month and year)<br><br>RECEIVED JUN - 4 2020 EEOC ST. LOUIS DISTRICT |



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

FE-6/20-31952
Administrative Use/Records

Kayla Harris
c/o Bret Kleefuss
1708 Olive
St. Louis, MO 63103
*Via email*

RE:  Harris vs. Meridian Medical Technologies
FE-6/20-31952   560-2020-01631

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren Ph.D.
Executive Director

January 11, 2021
Date

Meridian Medical Technologies
1945 Craig Road
St. Louis, MO 63146

| ☐ | ☐ | ☑ | ☐ |
|---|---|---|---|
| JEFFERSON CITY OFFICE | ST. LOUIS OFFICE | KANSAS CITY OFFICE | SIKESTON OFFICE |
| 421 E. DUNKLIN ST. | 111 N. 7TH STREET, SUITE 903 | P.O. Box 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. Box 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights   E-Mail: mchr@labor.mo.gov

*Return*

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>KRISTINE A KERR | Case Number: 21SL-CC00168 | |
|---|---|---|
| Plaintiff/Petitioner:<br>KAYLA HARRIS | Plaintiff's/Petitioner's Attorney/Address<br>BRET CHARLES KLEEFUSS<br>1708 OLIVE STREET<br>SAINT LOUIS, MO 63103 | |
| vs. | | |
| Defendant/Respondent:<br>MERIDIAN MEDICAL TECHNOLOGIES INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | SHERIFF FEE PAID |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: MERIDIAN MEDICAL TECHNOLOGIES INC
Alias: 30 CTCOR w

120 S CENTRAL AVE
CT CORP, REGISTERED AGENT
ST LOUIS, MO 63105

FILED
JAN 29 2021
JOAN M. GILMER
CIRCUIT CLERK ST. LOUIS COUNTY

**COURT SEAL OF ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

14-JAN-2021
Date

_____
Clerk

Further Information:
MT

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) **LCW - B. LOVE** _____ (title) **INTAKE SPECIALIST**
☒ other **CT CORPORATION**
Served at _____ (address)
in **St. Louis County** (County/City of St. Louis), MO, on **JAN 2 5 2021** (date) at **9 AM** (time).

_____ _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____
(Seal)
My commission expires: _____
                        Date          Notary Public

**Sheriff's Fees, if applicable**
Summons          $_____
Non Est          $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage          $_____ ( _____ miles @ $_____ per mile)
**Total**        $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: Document ID# 21-SMCC-383    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                              54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo