UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAYLA HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:21-CV-00229 JCH |
| MERIDIAN MEDICAL TECHNOLOGIES, INC., | ) ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Kayla Harris's Motion to Remand. Doc. [11]. For the reasons stated below, Plaintiff's motion will be denied.

### Background

Plaintiff originally filed her Petition against Defendant Meridian Medical Technologies, Inc., in the Circuit Court of St. Louis County, Missouri. Doc. [1-2]. Plaintiff alleges that Defendant violated the Missouri Human Rights Act by discriminating against her on the basis of race and gender. Id. On February 23, 2021, Defendant timely removed the action to this Court pursuant to 28 U.S.C. § 1332(a)(1), which requires complete diversity of citizenship among the litigants and an amount in controversy greater than $75,000, exclusive of interest and costs. Doc. [1]. Plaintiff subsequently filed the instant Motion to Remand, alleging that the Court lacks jurisdiction because the amount in controversy does not exceed the jurisdictional threshold. Diversity of citizenship is not in question, but the Court must determine whether Defendant has demonstrated the amount in controversy and, if so, whether Plaintiff has shown to a legal certainty that the amount in controversy cannot be met.

### Legal Standard

Federal Courts are courts of limited jurisdiction and a lack of federal subject matter jurisdiction cannot be waived. *Ark. Blue Cross & blue Shield v. Little Rock Cardiology Clinic, P.A.*, 51 F.3d 812, 816 (8th Cir. 2009); *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir.1998). The purpose of the removal statute is to restrict and limit removal jurisdiction; therefore, the statute is to be construed narrowly and any doubt should be resolved against removal

jurisdiction.  *American Fire and Cas. Co. v. Finn*, 341 U.S. 6 (1951).  The Court's jurisdiction "is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal."  *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011).

When removal is based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."  28 U.S.C. sec. 1446(c)(2)(A).  In that case, "the notice of removal may assert the amount in controversy."  Id.  In Missouri, state law prohibits plaintiffs from specifying damages in their state court complaints, and accordingly, the Court looks to the Notice of Removal to determine the amount in controversy.  *See Ingram v. Procter & Gamble Paper Products Co.*, 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011); Mo. R. Civ. P. 55.05 ("no dollar amount shall be included in the demand except to determine the proper jurisdictional authority.").

To demonstrate the amount in controversy is met, the defendant must prove the "jurisdictional fact" of the amount by a preponderance of the evidence.  *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."  *Id*.  Therefore, if a defendant can show that a fact finder could legally award more than $75,000, his pleading burden is met.  Additionally, the defendant's burden is merely a pleading requirement, not a demand for proof.  *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013).

If the defendant sufficiently explains how damages may plausibly exceed $75,000, the burden then shifts to the plaintiff seeking remand, who must prove that it is legally impossible to recover more than $75,000.  *Id*.  To meet this "legal certainty" standard, the plaintiff must show that the jurisdictional amount could not be recovered "as a matter of law" or that "no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents."  *Kopp*, 280 F.3d at 885.  A plaintiff may not rely on the unlikelihood of recovering the requisite amount, as "[e]ven if it is highly improbable that the Plaintiff will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard."  *Raskas*, 719 F.3d at 888.

**Discussion**

In her Petition, Plaintiff alleges that she was subjected to unlawful discrimination based on her race and gender, claiming that her supervisor "had a history of stereotyping African-American females," and that a group of her supervisors conspired to have her terminated and replaced with a Caucasian male employee.  Doc. [1-2] at 6.  She further alleged that, as a result of the alleged conspiracy, she was terminated "under false pretenses and for discriminatory purpose."  *Id*. at 7.  Plaintiff alleges that Defendant's behavior was intentional, outrageous, and extreme, and that, as a result, she suffered damages including emotional distress, lost wages and benefits, and humiliation.  *Id*. at 9.  Plaintiff brings one Count for race discrimination and one Count for gender discrimination, both under the MHRA.  For each Count, she seeks actual damages of "over $25,000," plus punitive damages, interest, costs, and attorneys' fees.

Here, Plaintiff has alleged two Counts, each with its own prayer for relief seeking an amount "over $25,000" in actual damages.  Taken together, then, Plaintiff alleges actual damages totaling in excess of $50,000.  Plaintiff alleges in each Count that she suffered damages for emotional distress, and seeks punitive damages and attorneys' fees.  Such damages are available under the MHRA, and are included when determining the amount in controversy.  *See Spight v. Caterpillar, Inc.,* 2016 WL 3546411, at *2 (W.D. Mo. June 24, 2016).  Additionally, the Court may aggregate all of Plaintiff's claims against Defendant in order to satisfy the jurisdictional amount.  Defendant contends that the amount in controversy threshold is easily met when combining all of Plaintiff's various claims for damages.

In her motion to remand, Plaintiff argues that Defendant offers mere speculation as to how the amount in controversy may exceed $75,000, and has offered no specific facts to support its argument that Plaintiff is entitled to seek or receive punitive or emotional distress damages.  However, Defendant's burden is merely a pleading requirement, not a demand for proof.  *See Raskas*, 719 F.3d at 888.  Plaintiff also asserts that the case must be remanded unless the Court concludes to a "legal certainty" that her claim is "not for less than the jurisdictional amount."  See Doc. [12] at 4.  However, as further discussed below, that assertion elides the fact that it is Plaintiff's burden to prove to a "legal certainty" that she cannot legally recover more than $75,000, once Defendant has sufficiently explained how damages may plausibly exceed $75,000.

The Court concludes that Defendant has sufficiently explained how damages could plausibly exceed $75,000.  Plaintiff seeks actual damages in excess of $50,000.  That amount

does not include her requests for damages for emotional distress, punitive damages, and attorneys' fees.  This leaves a difference of approximately $25,000 between the actual damages alleged and the jurisdictional threshold.  A fact-finder could legally and permissibly award more than that amount in some combination of emotional distress damages, punitive damages, and attorneys' fees.  The Court turns, then, to the question of whether Plaintiff has proven to a "legal certainty" that it is *legally impossible* for her to recover more than $75,000.

Plaintiff argues that Defendant has not proved that she is entitled to punitive or emotional distress damages.  However, that misplaces the burden.  It is Plaintiff who must prove at this stage that it is legally impossible for a fact-finder to award such damages in an amount sufficient to exceed the jurisdictional amount when combined with other damages sought.  Punitive damages are available under the MHRA, Plaintiff is seeking such damages, and courts have found such damages to be available when a plaintiff has pled that a defendant's conduct was intentional, outrageous, or extreme, all of which Plaintiff has here alleged.  *See Bates v. Delmar Gardens N., Inc.*, 2017 WL 4038132, at *8 (E.D. Mo. Sept. 13, 2017).

Plaintiff also notes, correctly, that punitive damages are now capped under the most recent version of the MHRA, but the statutory cap for larger employers such as Defendant is between $200,000 and $500,000, depending on the precise number of employees.  *See* Mo. Rev. Stat. § 213.111(2)(c)-(d) (2017).  Therefore, the statutory cap does nothing to prove to a legal certainty that Plaintiff could not recover an amount that, when coupled with her alleged actual damages and attorneys' fees, would meet the jurisdictional threshold.  Furthermore, Plaintiff argues in her Complaint that the statutory cap on damages should not apply to her case because it is unconstitutional and invalid.  *See* Doc. [1-1] at ¶¶ 22-23.

Additionally, Defendant inquired as to whether Plaintiff would execute a binding stipulation that she would neither seek nor accept a total judgment in excess of $75,000.  *See* Doc. [14-2].  However, Plaintiff never responded, and has made no stipulation as to damages.  While Plaintiff is not required to so stipulate in order to support her Motion to Remand, the Court may consider the fact that she refused to do so.  *See Blake v. Career Educ. Corp.*, 2008 WL 4151795, at *2 (E.D. Mo. Sept. 4, 2008) (party opposing remand may provide evidence of plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount).

For the reasons stated above, the Court concludes that it has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**.  Doc. [11].

Dated this 4th day of May, 2021.

                                                /s/Jean C. Hamilton
                                                JEAN C. HAMILTON
                                                UNITED STATES DISTRICT JUDGE